**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**RYAN FARQUHARSON,**

***Plaintiff,***

**v.** **Case No. SA-24-CV-00763-JKP**

**SELECT PORTFOLIO SERVICING, INC.,**

***Defendant.***

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Select Portfolio Servicing's (SPS) Motion for Summary Judgment. *ECF No11*. Plaintiff Ryan Farquharson did not respond although ordered by the Court to do so. Upon consideration, the Court GRANTS the Motion for Summary Judgment.

### Undisputed Factual Background

On May 28, 2010, Ryan Farquharson executed a Promissory Note (the "Note") made payable to the original lender, PHH mortgage Corporation.[1] *ECF Nos. 1-4, 11, exh 1-A.* SPS is the current mortgage servicer. *ECF No. 11, exh. 1-G.* The Note is secured by a first-lien Deed of Trust on the property that is the subject of this action ("the Property"), executed by Farquharson and Olivia Joseph. *ECF No. 11, exhs. 1-A, 1-B.* After the contractual payment obligations under the Note became past due, Farquharson and Joseph executed a Loan Modification Agreement on May 3, 2013. *ECF No. 11, exh. 1-C.*

[1] The current mortgagee under the Loan is Towd Point Mortgage Trust 2015-4, U.S. Bank National Association as Indenture Trustee ("Trustee").

Farquharson is in default on the payment obligations on the Note and is past due for all payments since September 1, 2022. *ECF Nos. 1 and 11, exh. 1.* On October 30, 2023, SPS, acting on behalf of Trustee, SPS sent a Demand-Notice of Default to Farquharson. *ECF No. 11, exhs. 1,1-E.* On March 4, 2024, the Trustee sent a Notice of Acceleration of Loan Maturity to Farquharson and Olivia Joseph to their last known address. *ECF No. 11, exh. 1-F.*

On July 1, 2024, Farquharson filed an action in state court and an ex parte Motion for Temporary Restraining Order to restrain SPS from exercising foreclosure. *ECF No. 1-4*. In the Original Petition filed in state court, Farquharson seeks injunctive relief and asserts a cause of action for breach of contract alleging SPS breached the Loan Agreement by accepting his "performance of running behind on the Property Taxes" and "breached the modified course of conduct by posting the property for sale." *ECF No. 1-4, par. 19*. Farquharson further states, "their mortgage servicer established an unusual course of business by allowing [him] the ability to make his payments sporadically. The Lender allowed this pattern of practice to occur over the period of years. As such, they facilitated [him] to fall more and more behind with his mortgage payments." *ECF No. 1-4, par. 8*.

The state court granted a temporary restraining order. *ECF No. 1-8.* SPS removed the action to this Court and now files this Motion for Summary Judgment. Although represented by counsel, Farquharson did not file a Response. On November 20, 2024, the Magistrate Judge entered an Order for Response ordering Farquharson to respond to the Motion for Summary Judgment by December 6, 2024, and warning Farquharson that failure to respond will result in this Court considering the Motion for Summary Judgment as unopposed. *ECF No. 12.*

**LEGAL STANDARD**

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[2] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of

[2] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014). If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c).

A court may not grant summary judgment by default should the nonmovant fail to respond. *Eversley v. MBank of Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985). In this event, the Court must review the summary judgment motion to determine whether the movant satisfied its summary judgment burden and thereby shifted the burden. *Austin v. Kroger Texas, L.P.*, 864 F. 3d 326, 335 (5th Cir. 2017). Should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music, Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017). Consequently, if the movant satisfied its summary judgment burden, and the opposing party filed no response, summary judgment in favor of the movant is appropriate. *Austin*, 864 F.3d at 335; *Broadcast Music, Inc.*, 2017 WL 782932, at *2.

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the

motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

**Discussion**

To prove a breach of contract cause of action, a plaintiff must show: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff resulting from that breach. *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014); *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.-Houston [1st Dist.] 2001, no pet.). Generally, "reciprocal promises in a contract . . . are presumed to be mutually dependent and the breach of one will excuse the performance of the other." *Mahmoud v. De Moss Owners Ass'n, Inc.*, 865 F.3d 322, 328 (5th Cir. 2017)(citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)). Consequently, as a general rule, when a plaintiff failed to perform a duty under the contract, such as the duty to make timely payments, he cannot maintain a breach of contract action. *Maples v. Barrett Daffin Frappier Turner & Engel, LLP In Rem Only*, 4:18-CV-875, 2019 WL 6333989, at *10 (E.D. Tex. Oct. 31, 2019), report and recommendation adopted sub nom., 2019 WL 6311022 (E.D. Tex. Nov. 25, 2019). However, if reciprocal promises in a contract are independent, the breach of one does not necessarily relieve another party of their performance obligations. *Williams v. Wells Fargo, Bank*, 884 F.3d at 245; *see also 46933, Inc. v. Z & B Enters., Inc.*, 899 S.W.2d 800, 807 (Tex. App. - Amarillo 1995, writ denied). Thereby, a party in default on a contract might still be able to establish a breach of contract cause of action if the reciprocal promises in the contract are independent. *Williams v. Wells Fargo, Bank, N.A.*, 884 F.3d at 245; *see also Juarez v. Wells Fargo Bank, N.A.*, No. 5:18-CV-475, 2019 WL 4061692, at *3 (W.D. Tex. June 18, 2019).

In the context of mortgage promissory notes, a borrower's obligation to make monthly payments under the Loan Agreement or promissory note is independent of a lender's obligations in the event of a default. *Williams v. Wells Fargo, Bank, N.A.*, 884 F.3d at 245; *Juarez v. Wells Fargo Bank*, 2019 WL 4061692, at *3. This rule of exception exists in this specific context, because, if not, a mortgage holder's obligation to provide notice in the event of default would always be excused by pointing to the debtor's default, and thereby, the notice terms would have no meaning and the debtor would have no right of recourse. *Id*. Consequently, when a borrower asserts a breach of contract claim against a loan holder for failure to provide notice of default or notice of loan acceleration as required in the subject contract, the fact that the borrower is in default does not, alone, preclude the borrower's breach of contract claim. *Williams v. Wells Fargo, Bank, N.A.*, 884 F.3d at 245; *Thomas v. Wells Fargo Bank, N.A.*, No. 4:17-CV-2070, 2018 WL 1898455, at *3 (S.D. Tex. Apr. 20, 2018).

Following this guidance, in cases such as this one, a mortgage holder cannot rely on the debtor's default, alone, to dispel a breach of contract cause of action, but must also establish satisfaction of its own independent contractual obligations to provide notice of default and acceleration. *Id*. When presented in the summary-judgment context, to satisfy its summary-judgment burden, the mortgage holder must provide evidence showing the debtor is in default, and it provided proper notice of default as required by state law and the loan documents. *See id*.

When a promissory note secured by a residence enters default, a mortgage servicer shall serve the debtor with written notice by certified mail stating that the debtor is in default and giving at least 20 days to cure the default before notice of sale can be given. TEX. PROP. CODE. Ann. § 51.002(d). Service of notice of default "by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor's last known address.

The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." TEX. PROP. CODE. Ann. § 51.002(e). Accordingly, to establish satisfactory service, the mortgage servicer need not prove the debtor's actual receipt of the notice, but only must show the notice was mailed in compliance with the terms in a promissory note and deed of trust and pursuant to Texas Property Code § 51.002(e). *Martins v. BAC Home Loan Serv. L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).

Further, in Texas, a loan agreement in an amount exceeding $50,000 is not enforceable unless the agreement is in writing and signed by the party to be bound. Tex Bus. & Com. Code Ann. § 26.02(b). The statute-of-frauds doctrine also applies to preclude enforcement of any oral modifications to loan agreements which fall under this provision. *Williams v. Wells Fargo Bank*, 560 Fed. App'x. at 238–39; *Martins v. BAC Home Loans Servicing*, 722 F.3d at 256.

If a mortgage holder satisfies its summary judgment burden, the burden shifts to the debtor. The debtor must present evidence which raises a genuine dispute of material fact whether it is in default or whether the mortgage holder satisfied its contractual or statutory obligation to provide proper notice of default or acceleration.

**SPS's Summary Judgment Burden**

To satisfy its summary judgment burden, SPS presents evidence consisting of the subject Note and Deed of Trust and an affidavit from a person with knowledge of the transaction and notices. *ECF No. 11, exhs. 1, 1-A, 1-B.* The terms of the Note require that in the event of the Farquharson's default, SPS must provide written notice of the Farquharson's default by delivering it or by mailing it by certified mail to the Property Address, unless applicable law requires a different method. *ECF No. 11, exh. 1-A, par. 8*. The Deed of Trust contains a non-waiver provision that precludes any future requirement to accept partial payments, or that could otherwise waive

any payment obligations. Specifically, the Deed of Trust provides: "[i]f circumstances occur that would permit Lender to require immediate payment in full, but lender does not require such payments, Lender does not waive its rights with respect to subsequent events." *ECF No. 11, exh. 1-B, p. 5, par. 9(c)*. The Deed of Trust also provides: "any forbearance by Lender in exercising any right or remedy shall not be a waiver or preclude the exercise of any right or remedy." *ECF No. 11, exh. 1-B, p. 5, par. 11*.

Farquharson admits in the Original Petition that he was in default on the subject mortgage loan. *ECF No. 1-4 at pars. 8, 9, 19*. SPS presents evidence it sent Farquharson a Notice of Default on October 30, 2023, and a Notice of Acceleration and Notice of Sale on March 4, 2024, via certified mail to the Property's address. *ECF No. 11, exhs. 1, 1-E, 1-F*; *see also* Tex. Prop. Code § 51.002(d). The Notices informed Farquharson of default on the Note, provided information regarding the amount in default and how to cure the payment deficiencies, as well as contact information for questions. *Id*.

This evidence is sufficient to show Farquharson was in breach of the Note by failing to make at least two scheduled payments pursuant to the agreed terms. The evidence presented shows SPS provided notice of default to Farquharson pursuant to the terms of the Note and Texas Property Code § 51.002(d). Upon this showing, SPS satisfied its summary judgment burden of proof to prevail on the breach of contract cause of action, and the summary-judgment burden shifts to Farquharson to raise a genuine dispute of material fact whether he was in default or whether SPS satisfied the notice obligations required under statute and the terms of the Note.

**<u>Farquharson's Burden</u>**

Farquharson did not respond to the Motion for Summary Judgment although represented by counsel and ordered by this Court to do so. This Court warned Farquharson of the conse-

quences of any failure to respond. *ECF No. 12*. Further, Farquharson's allegation in the Original Petition that SPS agreed to modification of the loan agreement by accepting his late payments and then breached this accepted modification by posting the Property for foreclosure must fail as a matter of law. Any alleged oral promise or agreement to modify Farquharson's loan is unenforceable under the statute of frauds. *See Williams v. Wells Fargo Bank*, 560 Fed. App'x. at 238.

For this reason, Farquharson does not satisfy his burden to raise a genuine dispute of material fact to prevent summary judgment on the breach of contract cause of action.

**Conclusion**

For the reasons stated, the Court GRANTS SPS's Motion for Summary Judgment (*ECF No. 11*). The Court will issue Final Judgment separately.

The Court withdraws its referral of all pre-trial matters to Magistrate Judge Bemporad.

The Court DIRECTS the Clerk of Court to close this case.

It is so ORDERED.
SIGNED this 8th day of January, 2025.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE